United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN E. BOYKINS,
Plaintiff,

v.

WEST COUNTY DETENTION FACILITY MEDICAL,
Defendant.

Case No. 25-cv-09889-JST

**ORDER REOPENING ACTION; DISMISSING COMPLAINT WITH LEAVE TO AMEND; DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL**

Re: ECF Nos. 9, 11

Plaintiff, an inmate housed at West County Detention Facility, filed this *pro se* action. ECF No. 1. For the reasons set forth below, the Court GRANTS Plaintiff's request to reopen this action, ECF No. 9; ORDERS the Clerk to VACATE the January 6, 2025 Order of Dismissal and Judgment (ECF Nos. 7, 8); DISMISSES the complaint with leave to amend; and DENIES without prejudice Plaintiff's request for appointment of counsel. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### I. Granting Request to Reopen Action (ECF No. 9)

On January 6, 2025, the Court dismissed this action and entered judgment against Plaintiff because Plaintiff had neither paid the filing fee nor submitted a complete *in forma pauperis* application. ECF Nos. 7, 8. Specifically, Plaintiff's *in forma pauperis* application lacked the following required supporting documents: (1) Certificate of Funds in Prisoner's Account form completed and signed by an authorized officer at his correctional facility, and (2) a copy of his prisoner trust account statement showing transactions for the last six months. *See* ECF No. 2.

Plaintiff has since filed a motion to reopen the action, along with a copy of his trust account statement showing transactions for the last six months. ECF No. 9. Plaintiff also states

United States District Court
Northern District of California

that correctional officials have refused his requests for a completed and signed Certificate of Funds in Prisoner's Account form. ECF No. 9 at 3.

The Court's dismissal of this action was without prejudice to Plaintiff moving to reopen the action and addressing the failure to either pay the filing fee or file a complete *in forma pauperis* application. ECF No. 7. Because Plaintiff has provided the required trust account statement and shown good cause for failing to provide the Certificate of Funds in Prisoner's Account form, the Court GRANTS the motion to reopen, ECF No. 9; and directs the Clerk to VACATE the Order of Dismissal and related judgement (ECF Nos. 7, 8) and REOPEN this case. The Court has GRANTED Plaintiff's request for leave to proceed *in forma pauperis*. ECF No. 10.

## II. Screening Complaint

As required by 28 U.S.C. § 1915A(a), the Court conducts a preliminary screening of the complaint, ECF No. 1.

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

United States District Court
Northern District of California

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Complaint**

The complaint names as defendant "West County Detention Facility Medical." The complaint makes the following allegations. Since being housed at West County Detention Facility, medical staff has provided Plaintiff with inadequate medical care and he has suffered a fall that injured him. Prior to his detention, Plaintiff was involved in a car accident. Plaintiff has had "inadequate therapy and lack of attention" for the aftereffects of this accident, leaving him with stress and pain in his knee and leg, and with swollen ankles. On February 25, while in custody, Plaintiff had surgery on his cartilage and meniscus, and had ACL repair surgery. Since the surgery, Plaintiff has been in mild pain. He was originally provided care and therapy for his back and neck after the ACL surgery, but "they" have stopped giving the care and therapy. Plaintiff now suffers from consistent neck and pain. Plaintiff has not been seen by a doctor. Plaintiff's requests for a shoe slip and for egg cushioning for his neck and pain have been denied. On October 31, 2025, Plaintiff slipped in the shower due to the lack of shower mats, resulting in Plaintiff hurting his right knee, right elbow, back, and head. At 8:15 p.m., Plaintiff asked to see a doctor due to the pain he was experiencing, but he did not receive a response until the next day at 12:15 p.m. Plaintiff is not allowed to use the ADA/handicap shower. *See generally* ECF No. 1.

**C. Dismissal with Leave to Amend**

The complaint is dismissed for failure to state a claim for the following reasons.

First, Plaintiff has not identified any federal law or federal constitution provision that was violated. It appears that Plaintiff may be attempting to allege either an Eighth Amendment claim or a Fourteenth Amendment claim, depending on whether Plaintiff is a pretrial detainee or incarcerated pursuant to a conviction and sentence. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to prisoner's serious medical needs violates Eighth Amendment's proscription against cruel and unusual punishment); *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)

(pretrial detainee challenge to conditions of confinement is brought under Due Process Clause of Fourteenth Amendment); *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (pretrial detainee's medical care claim is evaluated under Due Process Clause of Fourteenth Amendment, which is objective deliberate indifference standard). The conclusory statement that Plaintiff was provided with inadequate care, inadequate therapy, and lack of attention is insufficient to state either an Eighth or Fourteenth Amendment claim for deliberate indifference to Plaintiff's serious medical needs because it is unclear what medical treatment was needed and not provided, i.e. what kind of therapy was needed and not provided, why shoe slips and egg cushioning were needed to treat Plaintiff's medical condition; and whether prison officials were aware, or a reasonable official should have been aware, that the level of medical treatment provided exposed to Plaintiff to a substantial risk of serious harm. The conclusory statement that Plaintiff fell due to lack of shower mats is insufficient to state either an Eighth or Fourteenth Amendment claim because it is unclear if prison officials were aware, or a reasonable official should have been aware, that the lack of shower mats exposed to Plaintiff to a substantial risk of serious harm. Although Fed. R. Civ. P. 8 does not require detailed factual allegations, the complaint must provide more than a conclusory accusation that the plaintiff was harmed by the defendant. *Ashcroft*, 556 U.S. at 677–78.

Second, the complaint fails to identify the specific individuals that denied Plaintiff medical care. There is no Section 1983 liability simply because an individual supervised the alleged wrongdoer. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section 1983, i.e., no liability under theory that one is liable simply because he supervises person who has violated plaintiff's right). Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). [1]

---

[1] If Plaintiff is seeking to hold the West County Detention Facility's medical department liable for constitutional violations, he is alleging a municipal liability claim against Contra Costa County, and the proper defendant for Plaintiff's municipal liability claim would be Contra Costa County itself. *Cf. Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing

Because it appears that Plaintiff could remedy the identified deficiencies, the Court GRANTS Plaintiff leave to amend the complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts).

To assist Plaintiff in preparing an amended complaint, the Court provides Plaintiff with the following guidance.

In preparing an amended complaint, Plaintiff should follow the form complaint. For each legal claim, Plaintiff should list the constitutional provision or federal law allegedly violated; identify the individual who allegedly committed the constitutional or federal law violation; and specify what the individual allegedly did, or did not do, that was either unlawful or unconstitutional. While Fed. R. Civ. P. 8 does not require detailed factual allegations, Plaintiff should not refer to defendants as a group and should not rely on a general allegation of denial of medical care.

The Court reviews some of the relevant legal principles.

*Eighth Amendment Medical Needs Claim*. The Eighth Amendment's proscription against cruel and unusual punishment prohibits correctional officials from being deliberately indifferent to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment's prohibition on deliberate indifference to an inmate's serious medical needs if he knows that a prisoner faces a substantial risk of serious harm and

---

Santa Clara County Department of Corrections from § 1983 action and noting that "[t]he County is a proper defendant in a § 1983 claim, an agency of the County is not"). In order to state a cognizable municipal liability claim against Contra Costa County, Plaintiff must allege facts from which it can be reasonably inferred that the constitutional violations were because of an expressly adopted official county policy, a long-standing county practice or custom, or the decision of a final county policymaker. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (citing *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978)).

disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson*, 290 F.3d at 1188. To state a cognizable Eighth Amendment claim, Plaintiff must allege facts from which it can be reasonably inferred that the individual defendants were aware that Plaintiff specifically was at substantial risk of serious harm.

*Eighth Amendment Conditions of Confinement Claim*. The conditions under which an incarcerated person is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). To run afoul of the Eighth Amendment, prison conditions typically must imperil prisoners' physical health or safety. *Nielsen v. Thornell*, 101 F.4th 1164, 1174 (9th Cir. 2024) (claims that commodification of prisoners was degrading and dehumanizing were "[i]nchoate allegations of an intangible offense to dignity" that do not support Eighth Amendment claim). A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that the inmate faces a substantial risk of serious harm and the prison official disregards that risk by failing to take reasonable measures to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

*Fourteenth Amendment Medical Needs Claims and Conditions of Confinement Claim*. The elements of a pretrial detainee's Fourteenth Amendment claim that prison officials have either been deliberately indifferent to his serious medical needs or have provided conditions of confinement that violate the Constitution are as follows: (i) the prison official made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (ii) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (iii) the prison official did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the pretrial detainee's injuries. *Gordon*, 888 F.3d at 1125. With regard to the

United States District Court
Northern District of California

third element, the prison official's conduct must be objectively unreasonable – "a test that will necessarily turn[] on the facts and circumstances of each particular care." *Id.* (citations and internal quotation marks omitted). The four-part test articulated in *Gordon* requires the plaintiff to allege more than negligence, but less than subjective intent – something akin to reckless disregard. *Cf. id.* To state a cognizable Fourteenth Amendment claim, Plaintiff must allege facts from which it can be reasonably inferred that the individual defendants were more than negligent.

*Joinder*. Fed. R. Civ. P. 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In this action, Plaintiff may only seek relief for incidents that (1) arise out of the same occurrence; and (2) have a common question of law or fact common to all defendants. If the claim of inadequate medical treatment and the claim regarding the shower incident do not arise out of the same occurrence or series of occurrences, do not involve the same individual defendants, and do not have a question of law or fact common to all defendants, Plaintiff should pursue the claims in separate lawsuits.

*PLRA's Exhaustion Requirement*. The PLRA sets forth the following exhaustion requirement: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff is cautioned that the PLRA's exhaustion requirement is mandatory, *Jones v. Bock*, 549 U.S. 199, 211 (2007), and an action may be dismissed for failure to exhaust administrative remedies. It is unclear if Plaintiff has exhausted his administrative remedies for his claim regarding slipping in the shower on October 31, 2025, as required by the Prison Litigation Reform Act ("PLRA"). In the complaint, Plaintiff reports filing an informal grievance on October 20, 2025, and a formal grievance on October 28, 2025. ECF No. 1 at 1. However, the shower

incident took place on October 31, 2025, after these grievances were filed. In this action, Plaintiff should only pursue claims for which he has exhausted his administrative remedies.

**III. Request for Appointment of Counsel (ECF No. 11)**

Plaintiff has requested that the Court appoint him counsel. ECF No. 11. Plaintiff argues that appointment of counsel is necessary because he is unable to afford counsel; the issues involved are complex because the case contains several different legal claims involving different sets of defendants; he is confined in county jail with extremely limited access to the law library; he was contacted three attorneys to request representation but has not received any response; he has a limited knowledge of the law; the case involves medical issues that require expert testimony; Plaintiff has demanded a jury trial; the case require discovery and depositions of a number of witnesses; the testimony will be in sharp conflict; Plaintiff has only a high school education and no legal education; the case is factually complex; medical witnesses may need to be cross-examined; Plaintiff's incarceration limits his ability to investigate the facts, such as identifying, locating and interviewing the inmates who were housed nearby the shower or who witnessed the events; Plaintiff has been transferred to a different facility; this case involves credibility issues and jail customs; and the defendants' status as doctors and jail supervisors render this case complex. *See generally* ECF No. 11.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id*.

The Court DENIES Plaintiff's request for appointment of counsel for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require. ECF No. 11. Currently there is no operative complaint, and it is unclear if Plaintiff will be able to state cognizable claims for relief.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Court GRANTS Plaintiff's request to reopen this case. ECF No. 9.

2. The Clerk is ordered to VACATE the Order of Dismissal and related judgment (ECF Nos. 7, 8), and REOPEN this action.

3. The Court DENIES without prejudice Plaintiff's request for appointment of counsel. ECF No. 11.

4. The Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 25-cv-09889 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

This order terminates ECF Nos. 9, 11.

**IT IS SO ORDERED.**

Dated: July 15, 2026

JON S. TIGAR
United States District Judge